
FILED
JAN 0 4 2012
PATRICK E. DUFFY CLERK
BY_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 08-131-BLG-RFC |
|---|---|
| Plaintiff/Respondent, | CV 11-126-BLG-RFC |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE |
| JESSY LEE WILLIAMS, | OF APPEALABILITY |
| Defendant/Movant. | |

On November 18, 2011, Defendant/Movant Jessy Williams ("Williams"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Williams also filed a brief in support and an affidavit from one Lana Lind.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255

1

Proceedings for the United States District Courts.

## II. Analysis

Williams concedes that his motion is untimely, Mot. § 2255 at 12, but he asserts a right to hearing on the merits pursuant to *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). I seriously doubt that *Lee* recognizes equitable tolling in any situation that does not involve a convincing showing that someone who stands convicted of a crime did not, in fact, commit the crime. Williams does not make that claim; he claims only that he is "factually innocent" of a sentencing enhancement. But it is more efficient in this case to address the claim on the merits.

Williams pled guilty to being a felon in possession of a weapon, that is, a Winchester Model 70 .300 Magnum bolt action rifle. The Presentence Report applied a four-level upward adjustment of the base offense level because Williams possessed the rifle "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). The Presentence Report said:

> On October 4, 2008, a Yellowstone County Sheriff's Deputy was dispatched to [street address], Billings, Montana, for a report of a male pointing a rifle at his wife. The complainant, Lana Lind, did not know if the rifle was loaded.
> . . .
> The instant offense arose because the defendant was involved in a fight with Lana Lind in which he threatened her with the rifle (resulting in the instant offense). The defendant was initially charged with Probation Violation and Partner/Family Member Assault; however, the case was

2

referred to the County Attorney as Assault with a Weapon (a felony).
The charges were not pursued as the victim did not want to cooperate.

Presentence Report ¶¶ 10, 21.

Williams explained that he drank too much to remember what happened, but he said:

> When I got home we started arguing over the keys to the truck. I couldn't get her to give them to me so I threatened her with my fathers hunting rifle, and she called the cops. It was a week from the 4th of October befor I got a chance to talk to Lana my girlfriend, and find out actually everything I said and did. I've been with Lana 8 years and have never called her any bad word. And she would confirm it. When I finally talked to her she told me the things I said to her and I felt like i couldve thrown up. I've never talked to her like that or disrespected her like that <u>ever</u>. But I also know that she doesn't lie. And I totaly believe everything she told me.

*Id.* ¶ 18 (sic).

Now, Williams asserts:

> On October 4, 2008, Mr. Williams was involved in an argument with his girlfriend Lana Lind. During this argument, Mr. Williams grabbed a rifle and went to leave the house at which time Ms. Lind called the police. When the police arrived Mr. Williams was arrested for Partner Family Assault. Police officers interviewed Ms. Lind, who gave an account of what had occurred.
>     At no time during questioning did Ms. Lind tell interviewing officers that Mr. Williams pointed the rifle at her or threatened her in any way with the rifle.

Br. in Supp. (doc. 30) at 3-4.

Ms. Lind's affidavit, in turn, avers that she told Williams's attorney "the facts

3

that I have set forth in this Affidavit," including her averment that, "at the time, I was scared, because I had never seen [Williams] that upset, [but] I was never in fear of him harming me in any manner." Lind Aff. (doc. 30-1) ¶ 7. Lind also avers that Williams did not point the rifle at her or "put his hands on me." *Id.* ¶¶ 5-6.

Assault with a weapon and partner or family member assault are committed when one person knowingly or purposely causes another "reasonable apprehension of serious bodily injury . . . by use of a weapon or what reasonably appears to be a weapon," Mont. Code Ann. § 45-5-213(1)(b) (2007), or causes "reasonable apprehension of bodily injury in a partner or family member," *id.* § -206(1)(c).[1] *See also id.* § 45-2-203 (intoxication is not a defense). Lind's affidavit says that Williams "became very argumentative and at one point waived [sic] a rifle around in the air." Lind Aff. ¶ 4.[2]

Waving a rifle around while arguing with someone would cause any reasonable person apprehension of serious bodily injury – especially if the person doing the waving is so drunk that he cannot later remember what happened. Further, the

---

[1] The statute defines "partner" to include "persons who have been or are currently in a dating or ongoing intimate relationship." *Id.* § -206(2)(b).

[2] The Presentence Report also says that Williams was twice ordered by a police officer to drop the rifle, and he not only twice refused but ran around a corner. Presentence Report ¶ 11. A good prosecutor could build a case for assault with a weapon against the officer. Mont. Code Ann. § 45-5-210(1)(b). Other felony offenses may also have applied. *E.g., id.* §§ 45-5-207, 208.

4

Sentencing Guidelines provide that the enhancement in subsection (b)(6) applies "if the firearm ... facilitated, or had the potential of facilitating, another felony offense," and "regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 Application Note 14(A), (C).

Had counsel brought to my attention the things that Williams now says, the four-level upward adjustment still would have applied. *See generally Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Whether Lind subjectively experienced feelings of fear or not, Williams's conduct constituted use of the Winchester rifle "in connection with another felony offense," that is, assault with a weapon and partner or family member assault within the meaning of Mont Code Ann. §§ 45-5-206 and 213.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

5

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, the showing that Williams makes does not have any substance to it. In the face of his evidence, the central fact remains unchanged: in the course of a heated argument while he was very drunk, he waved a rifle around in the air. Even if Williams's attorney had called to my attention at sentencing the statements he now points to, it would still be clear that his conduct would have caused a reasonable person reasonable apprehension of serious bodily injury. The upward adjustment imposed by U.S.S.G. § 2K2.1(b)(6) applied. Reasonable jurists could not find either actual innocence or prejudice resulting from counsel's performance. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Williams's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 29) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Williams files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-126-BLG-RFC are terminated and shall close the civil file by entering

judgment in favor of the United States and against Williams.

DATED this 4th day of January, 2012.

Richard F. Cebull
United States District Court